## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GLENN VILE                              :
      Plaintiff,                     :          CIVIL NO.:3-02-CV-1644(MRK)
                      :
v.                                      :
                      :
ALLMERICA FINANCIAL LIFE                :
INSURANCE & ANNUITY                     :
      COMPANY                        :
and METROPOLITAN LIFE INS. CO.          :
                      :          NOVEMBER 3, 2003
      Defendants.

## MOTION TO PRECLUDE EXPERT TESTIMONY

The defendants, Allmerica Financial Life Insurance & Annuity Company ("Allmerica") and Metropolitan Life Insurance Co. ("MetLife"), hereby moves to preclude the expert testimony of Plaintiff's purported "disclosure" of expert witnesses, Dr. Carl J. Boland, Dr.'s David and/or Michael Baldwin, Dr. Richard R. Pelker and Dr. Robert M. Jung, on the grounds of inadequate disclosure, and an inadequate report.

## I.    FACTUAL INTRODUCTION

On August 29, 2002, the plaintiff filed his complaint in the Connecticut Superior Court for the judicial district of Middlesex at Middletown, alleging a breach of contract claim against the defendants. (Complaint, Count One). The plaintiff alleged that he underwent a left total hip arthroplasty that resulted in his purported total disability, as set forth in the disability insurance policy issued to him by the defendants, and that when he sought benefits under the policy, the defendants denied his claim. (Id.)

defendants denied his claim.  (Id.)

By letter dated July 30, 2003, plaintiff's attorney informed defendants that he intended his letter to "serve as notice that at this time the plaintiff reserves the right to call the following excerpt witnesses at trial" and then listed Dr. Carl J. Boland, Dr.'s David and/or Michael Baldwin, Dr. Richard R. Pelker and Dr. Robert M. Jung. (Copy attached as **Exhibit A**). By October 6, 2003, defendants still not received any information with regard to these experts. Accordingly, defendants' attorney, Elizabeth Fowler, wrote plaintiff's attorney a letter which stated:

> I am in receipt of your letter from July 30, 2003, in which you disclose Doctors Boland, M. Baldwin, D. Baldwin, Pelker, and Jung as your expert witnesses.  To date, you have not provided written reports for any of these experts, as required by Federal Rule of Civil Procedure 26.  Please provide such reports at your earliest convenience, as we are unable to designate our experts without such information.

As of the date of this Motion, defendants still have not received the reports.

## II.    ARGUMENT

On July 30, 2003 the plaintiff provided a purported "disclosure" of expert witnesses.    In that "disclosure," the plaintiff identifies five doctors by name and business address. The plaintiff provides no description of the expected testimony of the experts. There is no disclosure of the compensation arrangements with the experts or any information with regard to the experts' reports.

The disclosure of expert witnesses is governed by Rule 26(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff's bare bones disclosure and lack of reports for all of the doctors listed do not meet the requirements of Rule 26(a)(2).  As explained in <u>St. Paul Fire & Marine Ins. Co.</u>

v. Heath Fielding Ins. Broking Ltd., 1995 U.S. Dist. LEXIS 19847, 91 Civ. 0748 (MJL), 1996

WL 19028 at *11-*12 (S.D.N.Y. Jan. 17, 1996), Rule 26(a)(2)(B) requires that:

> the disclosure shall . . . be accompanied by a written report
> prepared and signed by the witness. The report shall contain a
> complete statement of all opinions to be expressed and the basis
> and reasons therefore; the data or other information considered by
> the witness in forming the opinions; any exhibits to be used as a
> summary of or support for the opinions; the qualifications of the
> witness, including a list of all publications authored by the witness
> within the preceding ten years; the compensation to be paid for the
> study and testimony; and a listing of any other cases in which the
> witness has testified as an expert at trial or by deposition within the
> preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). The expert's report "is intended to set forth the substance of the

direct examination." Fed. R. Civ. P. 26 advisory committee's note, *reprinted in* 146 F.R.D. at

634. An obvious purpose of the detailed disclosure is to enable the opposing party to prepare to

depose the witness. Id.

The Rule 26(a)(2)(B) advisory committee's note on 1993 amendment further states that:

> A report is deficient if it] fails to include any of the underlying
> conclusions on which the expert's ultimate opinions are based.
> Bald conclusions on the ultimate issues do not alone amount to a
> "detailed and complete written report" of the expert's expected
> testimony.

Additionally, Rule 26(a)(2)(B) states that a report is also deficient if it] fail[s] to set forth "a

complete statement" of the "basis and reasons" for [the] expert['s] opinions.

In sum, plaintiff's purported disclosure meets *none* of the requirements of Rule

26(a)(2)(B) except to provide a list of names. The plaintiff has not provided expert reports.

There is no description of the expected testimony of the doctors. There is no description of

opinions and reasons therefor, no list of information considered, no qualifications, no list of

publications and no list of other cases in which the experts have testified. The disclosure's

boiler-plate language states the obvious, Plaintiff intends to call these doctors as experts, but does not remotely lay out each expert's direct examination.

Pursuant to the most recent scheduling order, defendants are under an obligation to take depositions of these experts by February 27, 2004, and to retain experts of its own. Without knowing the medical expert's expected testimony defendants are unable to properly prepare to depose these experts or to retain experts to rebut their testimony.

Pursuant to the provision of Rule 26 permitting this Court to enter such orders as justice requires, defendants move that the Court order the plaintiff to disclose expert witnesses in conformance with the Federal Rules by December 30, 2003 which will permit defendants at least 60 days from such disclosure to take depositions and disclose its own experts. Defendants also move that if Plaintiff fails to properly disclose his experts by that date that he be precluded from offering expert testimony from these witnesses.

DEFENDANTS,
ALLMERICA FINANCIAL LIFE INSURANCE &
ANNUITY COMPANY and METROPOLITAN
LIFE INSURANCE COMPANY

By _Helen M. Kemp_
Helen M. Kemp
Fed. Bar # ct14790
E-mail: hkemp@rc.com
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on this 3rd day of November 2003, to:

Timothy E. Welsh, Esq.
GOZZI, PALADINO & WELSH
49 Sherwood Terrace
Old Saybrook, CT  06475

A. Daniel Nussbaum, Esq.
Law Department
Metropolitan Life Insurance Company
One Madison Avenue
New York, NY  10010-3690

*Helen M. Kemp*
Helen M. Kemp