FILED

Nov 12  3 11 PM '03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DISTRICT COURT
NEW HAVEN, CONN.

| | | |
|---|---|---|
| GLENN VILE<br>Plaintiff, | : | CIVIL NO.: 3-02-CV-1644(MRK) |
| V | : | |
| ALLMERICA FINANCIAL LIFE INSURANCE<br>& ANNUITY COMPANY and<br>METROPOLITAN LIFE INSURANCE CO.<br>Defendants | :<br>: | NOVEMBER 10, 2003 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S NOVEMBER 3, 2003, MOTION TO PRECLUDE EXPERT TESTIMONY**

**I. INTRODUCTION**

The Plaintiff, Glenn Vile, hereby submits this objection to the defendants' November 3, 2003, Motion to Preclude Expert Testimony on the following grounds.

**II. PROCEDURAL AND FACTURAL BACKGROUND**

This case involves a man named Glenn Vile who for many years was the owner and operator of the Saybrook Roofing Company. In 1991, concerned about his ability to earn a living in the event he was ever injured, Mr. Vile purchased a disability policy from the defendants. For almost 10 years Mr. Vile paid his premiums faithfully. Unfortunately, in July, 2000, Mr. Vile underwent a left total hip replacement. It went poorly. Because of nerve damage, Mr. Vile can never again work as a roofer.

Despite this, and despite having been disabled since the operation, the defendants have denied Mr. Vile's claim for disability.

On November 3, 2003, the defendant's complained that the plaintiff failed to comply with Federal Rules of Civil Procedure, Rule 26(a)(2), namely, with regard to disclosure governing expert witnesses. Specifically, the defendants complain that the undersigned's July 30, 2003 (attached to defendant's motion as exhibit A), letter informing of the names and addresses of the claimant's treating physicians was inadequate disclosure of expert witnesses under the rule. Moreover, the defendants seek full disclosure by December 30, 2003, so as to comply with the court's scheduling order to take expert witness depositions by February 27, 2004.

I.  **LEGAL ARGUMENT**

In response to the defendant's motion, the plaintiff will note that it may appear that there was some confusion as to the exact status of the named physicians. To the extent that the undersigned's July 30, 2003, letter may have suggested that the plaintiff's treating physicians were to be considered *retained* experts under the rule, it is incorrect. Rather, the plaintiff's physicians are unretained experts. Thus, the plaintiff's treating physicians need not be required to furnish signed reports, disclose fee arrangements, disclose a list of publications, etc.

As an unretained expert, a treating physician may testify to events and opinions arising directly through her treatment of the patient. "[A] treating physician ... may describe what she has seen, describe and explain her diagnosis and the treatment she prescribed, and offer her opinions and expert inferences there from-all without running afoul of the constraints of Rules 26 and 27 of the Federal Rules of Civil Procedure." Riddick v. Washington Hospital Center, 183 F.R.D. 327, 330 (D.D.C. 1998). Treating physicians' opinions and expert inferences arising from treatment commonly include issues of causation and prognosis. "As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries." Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1995).

"Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirement of Rule 26(a)(2)(B)." Shephardon v. West Beach Estates, 172 F.R.D. 415, 416-417 (D. Haw. 1997).

### CONCLUSION

In conclusion, the purpose of undersigned's July 30, 2003, letter was to disclose the treating physicians as unretained experts. It is the undersigned's understanding from the foregoing case law that insofar as the plaintiff's experts consist of the claimant's treating

physicians, who will testify as to their care and treatment of the plaintiff, his disability (inability to work) and prognosis, than the plaintiff has not run afoul of our Rules and as claimed by the defendants in their motion.

For all of the foregoing reasons, the plaintiff requests that the defendant's motion be denied.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,

By /s/ Timothy Welsh

Timothy E. Welsh, Esquire
Gozzi, Paladino & Welsh
49 Sherwood Avenue
Old Saybrook, CT  06475
Fed. Bar# ct16176
Tele: 860-395-3344
Fax: 860-395-3343
E-mail: gpwsherwood@aol.com

## CERTIFICATION

This is to certify that the foregoing was sent via first class U.S Mail, postage prepaid, on this 10th day of November, 2003, to:

Helen M. Kemp
Fed Bar # 23584
Robinson & Cole, LLP
280Trumball Street
Hartford, CT 06103-3597
Tel No. 860 275-8200
Fax No. 860 275-8299
E-Mail: efowler@rc.com

Timothy E. Welsh